# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Myron A. Grace,** *et al.*, ) | CASE NO. 1: 19 CV 1720 |
| ) | |
| Plaintiffs, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| v. ) | |
| ) | **Memorandum of Opinion and Order** |
| ) | |
| **JACK Cleveland Casino,** ) | |
| ) | |
| Defendant. ) | |

## Background

This is a removed *pro se* case. On June 28, 2019, *pro se* plaintiffs Myron A. Grace and Rakhshanda Talib filed their complaint in the Cuyahoga County Court of Common Pleas against defendant JACK Cleveland Casino. (Doc. No. 1-2.) In their complaint, labeled as a "Claim for Recovery for Racial Discrimination and Emotional Distress," the plaintiffs allege that while they were in the Casino at around 1:40 a.m. on June 8, 2019, an employee of the Casino named Eason referred to them as "Ignorant" and "You People." Contending these terms constitute racial slurs, the plaintiffs allege damage claims against the defendant pursuant to a number of "Rules," including provisions of the Ohio Revised Code, Cincinnati's Police Department Procedures and Municipal Code, and federal "Public Law 101-275: Hate Crime Statistics Act." (*Id.* at 2.)

The defendant removed the action to this Court on the basis of the claim under the federal Hate Crime Statistics Act. (Doc. No. 1.) Subsequently, they filed a motion to dismiss all of the plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 4.)

The only response the plaintiffs have filed is a motion to remand the entire action to state court. (Doc. No. 5.)

**Analysis**

Upon review, the Court will deny the plaintiffs' motion to remand the entire action. The plaintiffs do not dispute that their complaint purports to assert a federal claim under the Hate Crime Statistics Act, and they concede that "the United States District Court could hear the case." (*See* Doc. No. 5 at 2.) Therefore, the defendant properly removed the action to federal court. A defendant may remove a civil action from state to federal court if the face of the complaint includes a federal claim in addition to state law claims. *See* 28 U.S.C. § 1441(c).

Further, upon review, the Court will grant the defendant's motion to dismiss the plaintiffs' complaint as to the sole alleged federal claim. As the defendant correctly demonstrates in its motion to dismiss, the "Hate Crimes Statistics Act" under which the plaintiffs purport to seek relief does not itself create a private right of action. *See* Doc. No.4-1 at 11. Rather, the "Hate Crimes Statistics Act of 1990, Pub. L. 101–275 . . . directs the Attorney General to collect, compile, and publish data on the rate of hate crimes, as that term is defined in the Act, committed over the course of a specified time period." *American Produce, LLC v. Harvest Sharing, Inc.*, No. 11–cv–00241, 2013 WL 1164403, at *4 (D. Colo. Mar. 20, 2013). *See also Scully v. Franciscan Health*, No. 3: 18 CV 71 (N. D. Ind. Mar. 29, 2018). The plaintiffs' action does not pertain to the compilation of data regarding hate crimes, and the plaintiffs have not alleged a cognizable cause of action under the Act.

Accordingly, the defendant's motion to dismiss the plaintiffs' complaint is granted with respect to the federal claim alleged under the Hate Crime Statistics Act. Given the dismissal of

the federal claim at this early stage, the Court declines to exercise supplemental jurisdiction over the plaintiffs' remaining state law claims, which are better resolved by the Ohio state courts.  Generally, "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254–1255 (6th Cir. 1996); *see also* 28 U.S.C. § 1367(c)(3) (stating that a district court may decline to exercise supplemental jurisdiction if it has "dismissed all claims over which it ha[d] original jurisdiction"); *Packard v. Farmers Ins. Co. of Columbus Inc.*, 423 F..App'x 580,, 2011 WL 1885981 (6th Cir. 2011) (affirming decision of the district court to decline to exercise supplemental jurisdiction and to remand a removed action to state court after dismissal of federal claims).

## Conclusion

In accordance with the foregoing, the defendant's motion to dismiss the plaintiffs' complaint is granted with respect to the plaintiffs' alleged federal claim under the Hate Crime Statistics Act, and the plaintiffs' remaining state-law claims will be remanded to the Cuyahoga County Court of Common Pleas.  The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

      /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Dated: 11/18/19                      Chief Judge